UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES E. WASHINGTON,

    Plaintiff,

vs.

DEPARTMENT OF TREASURY,

    Defendant.

Case No. 3:21-cv-261

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DISMISSING PLAINTIFF'S COMPLAINT (Doc. No. 2) PURSUANT TO 28 U.S.C. § 1915(e)(2); AND (2) TERMINATING THE CASE ON THE DOCKET**

---

This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff James E. Washington. This *sua sponte* review is warranted because the Court previously granted Plaintiff's motion for leave to proceed *in forma pauperis*. Doc. No. 1. *Sua sponte* review occurs before issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such [frivolous, malicious, or repetitive] lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

Plaintiff names as Defendant the U.S. Department of Treasury. Doc. No. 2 at PageID 16. He seeks to recover "several income tax refunds unaccounted [for] plus several related stimulus checks that are unaccounted for." *Id*. at 19.

**I.**

In conducting a *sua sponte* review under § 1915(e)(2), a complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992);

*Neitzke*, 490 U.S. at 325. A complaint sets forth no arguable factual basis where the allegations are "fantastic or delusional." *Neitzke*, 490 U.S. at 327-28. A complaint presents no arguable legal basis by advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest that clearly does not exist. *Id.*; *see Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A plausible complaint raises "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In conducting an initial review under § 1915, the Court accepts *pro se* plaintiff's allegations as true and construes them liberally in his favor. *Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985). However, while *pro se* pleadings are "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.

Plaintiff states in his complaint that he "received a letter recently stating that the Ohio Attorney General was claiming a[n] unknow[n] right to my … monies due from Defendant US Treasury. No evidence of the claims [was] presented, or any Federal or State [l]aw was referenced that allowed this act to happen. Keep in mind that the Ohio Attorney General[']s Office also

2

represents the Ohio Civil Rights Division and these agencies cohabs [sic] in the same office, and in a Civil Rights cast [sic] The Ohio Attorney General would be wearing two hats, one on each sid[e] of the aisle." Doc. No. 2 at PageID 20. Under the heading, "Irreparable Injury," Plaintiff maintains:

> Obviously, … the … Ohio Attorney General is not in the business of protecting the legal rights of "Poor People" and the taking o[f] funds that belong to the poor is the objective of this operation, and no evidence appears to exist that these agencies use this form of collections against Millionaires, and could be using these unfair collection practice unfairly against people of color and Black people[.]

*Id*.

Plaintiff attaches a one-page document to his Complaint he received from Defendant explaining it had applied a $600 payment from the Internal Revenue Service to a debt -- a "State Tax Obligation" -- Plaintiff owed.[1] *Id*. at 22. The payment was sent to the Ohio Attorney General by "ETF" (Electronic Fund Transfer). *Id*. The document also informed Plaintiff that he can contact the Ohio Attorney General if he thinks "the payment was applied in error" or if he had questions about "the debt or outstanding balance." *Id*.

Liberally construing Plaintiff's complaint in his favor reveals that he seeks to raise claims under 42 U.S.C. § 1983. Doc. No. 2 at PageID 18. To state a § 1983 claim, Plaintiff must allege facts, when taken as true, "establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Miller v. Sanilac County*, 606 F.3d 240, 247 (6th Cir. 2010); *see West v. Atkins*, 487 U.S. 42, 48 (1991).

Although Plaintiff's complaint does not advance delusional or irrational facts, it fails to

---

[1] In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint …."
*Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F.Supp.2d 868, 873 (S.D. Ohio 2013).

state sufficient facts, when taken as true, to assert a plausible violation of his constitutional rights because his claims of discrimination are unsupported by corresponding facts and, instead, merely assert legal conclusions couched as factual allegations. *See Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) ("Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim"). Additionally, the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars Plaintiff's attempt to stop Defendant from sending his federal tax refunds or stimulus checks to the Ohio Attorney General in connection with the collection of a tax debt. *See Direct Marketing Ass'n v. Brohl*, 575 U.S. 1, 8 (2015) ("The AIA [Anti-Injunction Act] provides in relevant part that 'no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person'"). Similarly, to the extent Plaintiff wants to stop the Ohio Attorney General from collecting a tax debt Plaintiff owes to the State of Ohio, the Tax Injunction Act, 28 U.S.C. § 1341, bars his § 1983 claims. *Cf. Harrison v. Montgomery Cnty., Ohio*, 997 F.3d 643, 651 (6th Cir. 2021) ("By its terms, the [Tax Injunction] Act bars only challenges to the 'assessment, levy or collection' of taxes. '[C]ollection' is the act of obtaining payment of taxes due" (cleaned up)).

### III.

Accordingly, Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth above, the Court hereby **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith. Consequently, Plaintiff should be denied leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

December 30, 2021                                s/Michael J. Newman
                                                 Hon. Michael J. Newman
                                                 United States District Judge